UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM RANDOLPH MUZZALL, V, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-02602-SEB-KMB |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

William Muzzall pleaded guilty to one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1), (c), and one count of being a Felon in Possession of a Firearm, under 18 U.S.C. § 922(g)(1). In this motion for relief pursuant to 28 U.S.C. § 2255, Mr. Muzzall challenges his conviction for Sex Trafficking of a Minor arguing that that § 1591 is unconstitutionally vague. For the reasons explained in this Order, Mr. Muzzall's § 2255 motion must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In February 2020, Mr. Muzzall was indicted on one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1), (c) (Count 1); one count of Conspiracy To Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. U.S.C. §§ 1591(a)(1), (c) & 1594(c) (Count 2); one count of interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3) (Count 3); and one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 4). *United States v. Muzzall*, 1:20-cr-41-SEB-DLP (Cr. Dkt.) dkt. 1.

A few months later, the parties entered into a plea agreement, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Cr. Dkt. 29. Mr. Muzzall agreed to plead guilty to Counts 1 and 4. *Id.* ¶ 1. In exchange, the United States agreed, among other things, to dismiss Counts 2 and 3, and to recommend a sentence of 132 months' imprisonment. *Id.* ¶¶ 2, 10. As part of the plea agreement, Mr. Muzzall waived his right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived his right to challenge his conviction or sentence in a § 2255 motion. *Id.* ¶¶ 34-36.

Mr. Muzzall's plea hearing was held on June 15, 2020. Cr. Dkt. 38. The Court found the parties' stipulated factual basis was an adequate basis for the plea and that Mr. Muzzall was entering his plea knowingly and voluntarily. The Court accepted his plea of guilty to Counts 1 and

4. *Id*. He was sentenced to 132 months' imprisonment. Cr. Dkt. 50. Mr. Muzzall did not appeal. He then filed this motion for relief pursuant to § 2255.

### III. Discussion

In support of his § 2255 motion, Mr. Muzzall argues that § 1591 is unconstitutionally vague. The government responds that Mr. Muzzall waived this argument by pleading guilty and procedurally defaulted it by not raising it on direct appeal. The government goes on to argue that his claim nonetheless has no merit. In reply, Mr. Muzzal contends briefly that his counsel rendered ineffective assistance by not challenging § 1591 as vague.

Because Mr. Muzzall identifies his claim an ineffective assistance of counsel claim, dkt. 16, the Court will address it as so presented. *See* Cr. Dkt. 29 ¶ 35 (claims of ineffective assistance are not waived); *Castellanos v. Untied States*, 26 F.3d 717, 718 (7th Cir. 1994) (ineffective assistance can qualify as cause to excuse procedural default). A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

Mr. Muzzall argues that his counsel rendered ineffective assistance by not challenging § 1591(c) as unconstitutionally vague. "The void-for-vagueness doctrine requires that a criminal statute define an offense with sufficient clarity that an ordinary person has fair notice of what conduct is prohibited and so as to avoid arbitrary and discriminatory enforcement." *United States v. Cook*, 970 F.3d 866, 872-73 (7th Cir. 2020) (citing *Skilling v. United States*, 561 U.S. 358, 402–03 (2010)). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Id*. (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008)).

Section 1591(a)(1) defines the following offense: "Whoever knowingly ... recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person ... *knowing, or,... in reckless disregard of the fact ... that the person has not attained the age of 18 years* and will be caused to engage in a commercial sex act, shall be punished ...." 18 U.S.C. § 1591(a)(1) (effective May 29, 2015) (emphasis added). But subsection (c) provides an exception: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the [victim], the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). Mr. Muzzall argues that the "reasonable opportunity to observe" language renders § 1591 unconstitutionally vague.

The Supreme Court has ruled that, to avoid a vagueness challenge, a statute must afford "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) (cleaned up). Mr. Muzzall has not demonstrated that § 1591(c) fails this standard. Indeed, other courts have found that § 1591

is not vague. *See United States v. Koech*, 992 F.3d 686, 688 (8th Cir. 2021) (explaining that the term "reasonable opportunity to observe" would provide a person of ordinary intelligence fair notice of what is prohibited, is subject to common understanding, and is typical of standard that juries are asked to consider) (cleaned up); *United States v. Whyte*, 928 F.3d 1317, 1331 (11th Cir. 2019) (the argument "that an ordinary person would not understand what qualifies as ... a 'reasonable opportunity to observe' runs counter to centuries of jurisprudence; those terms are familiar legal concepts that have played an integral role in defining proscribed conduct over the years.").

Because he has not shown that a vagueness challenge to § 1591 would have been successful, Mr. Muzzall has failed to show that his counsel rendered ineffective assistance by not raising one. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims."); *United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome."). He is therefore not entitled to relief under § 2255.

### IV.  Conclusion

For the reasons explained in this Order, William Muzzall is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel.  Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:20-cr-41-SEB-DLP-1.**  The motion to vacate, Cr. Dkt. [115], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that William Muzzall has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  5/10/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM RANDOLPH MUZZALL, V
17468-028
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov